## 74336. WILLIAMS v. THE STATE.
(357 SE2d 301)

McMURRAY, Presiding Judge.

Defendant was convicted of four counts of possession of cocaine and one count of distribution of cocaine. He now appeals. *Held*:

In his sole enumeration of error defendant contends the trial court erred in allowing the State to introduce evidence of similar criminal transactions at trial without complying with Rule 31.3 of the Uniform Rules for the Superior Courts. 253 Ga. 801, 854.

"Our new Uniform Superior Court Rules (effective July 1, 1985) provide that if the prosecution intends to present evidence of similar transactions to those charged it may notify the court prior to trial and request a ruling. Rule 31.3 (A). Such notice shall be served on the defendant's counsel. Rule 31.3 (B). If prior approval is not obtained, evidence of similar transactions shall be inadmissible. Rule 31.3 (C). However, there is an exception. 'Nothing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction.' Rule 31.3 (E)." *Presley v. State*, 177 Ga. App. 611, 613 (2) (b), 614 (340 SE2d 253).

In the case sub judice, the evidence upon which defendant complains showed that defendant was given illegal drugs, which he consumed, as compensation for his role in the underlying criminal activities which formed the basis of the crimes charged. Under these circumstances, we find that the alleged similar transaction evidence was part of the res gestae of the crimes charged. Consequently, the trial court did not err in allowing the State to introduce this evidence at trial. *Presley v. State*, 177 Ga. App. 611, 614, supra.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 12, 1987.

*J. Robert Daniel*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.