76008. LAWRENCE et al. v. THE STATE.

(369 SE2d 531)

BEASLEY, Judge.

Appellants Lawrence and Robinson were convicted of trafficking

in cocaine, OCGA § 16-13-31 (a) (1), and possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b) (5). Appeal is from the judgment and denial of their motion for new trial.

An undercover agent with the GBI testified that he met Molly Doster, who sold him cocaine for $1,200 as a preliminary transaction for a much larger purchase, which was to be arranged later that evening. At the appointed time and place Doster arrived, accompanied by Robinson, who took over negotiations for the sale. The agent rejected the cocaine because it was not a large enough amount and asked how much Robinson and Doster could supply as he had $50,000 to spend. The agent agreed to accept fifteen ounces immediately and another fifteen ounces later for a total sale of $50,000.

About an hour later Doster and Robinson returned to the meeting place, with Lawrence in the back seat of Doster's car. Doster introduced Lawrence to the agent as her friend Jerry, and told the agent not to worry about him. Lawrence held up an orange pill bottle and informed the agent it contained rock cocaine. He asked to see it and agreed to purchase it if it was all they could get. Lawrence left Doster's car and approached the agent to check him for a "wire." The agent, who was wearing a body microphone, knocked appellant's hands away from his body, and other agents staked out around the meeting place intervened and arrested all three suspects and pretentually their own colleague.

Both appellants were searched and Robinson was found to be carrying a .22 caliber loaded revolver, rolling papers, a small smoking pipe and finger scales. A .22 caliber loaded revolver and a smoking pipe, as well as the pill bottle containing thirty grams of cocaine, were also taken from Lawrence's person.

1. Appellants contend that the trial court improperly allowed the agent to testify on direct examination as to his conversations with Molly Doster as part of the res gestae, because he was reciting only events recorded in his investigative notes and not her exact words. The transcript shows that the agent remembered the substance of his conversations with Doster, although he could not quote her exact words. What Doster said, as related by the agent, did not refer to appellants or directly implicate them but concerned instead the quantity of cocaine being negotiated for sale.

"Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. [Cit.] Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gastae and it does not matter that the act is another criminal offense and does not tend to establish the main offense. [Cit.] In addition, all circumstances surrounding an arrest are admissible for whatever value the jury desires to place on

them. [Cits.]" *Fuqua v. State*, 183 Ga. App. 414, 419-420 (359 SE2d 165) (1987). See also *Eaton v. State*, 184 Ga. App. 645 (1) (362 SE2d 375) (1987).

The testimony objected to was also admissible, as charged to the jury, as a co-conspirator's statement made during the pendency of the conspiracy, under OCGA § 24-3-5. *Cromer v. State*, 253 Ga. 352 (4) (320 SE2d 751) (1984).

The evidence being properly allowed, appellants' further assertion that without admission of this testimony the State would have had insufficient evidence to overcome their motion for directed verdict is without merit. See generally *Skinner v. State*, 182 Ga. App. 370 (355 SE2d 726) (1987).

2. Appellant Lawrence merely makes the statement as an enumeration of error without argument or citation of authority, and without anything in the record on the subject, that "[a]fter the trial of the case [he] informed his attorney that he wanted a separate attorney." This enumeration provides no ground for review, Rule 15 (c) (2). Moreover, the fact that both defendants were represented by the same counsel does not by itself constitute a ground for reversal. As to a Sixth and Fourteenth Amendments claim, if that is what was intended, a "defendant who raised no objection at trial must demonstrate that an actual conflict of interest [existed which] adversely affected the attorney's performance." *Cuyler v. Sullivan*, 446 U. S. 335, 348-349 (100 SC 1708, 64 LE2d 333, 346-347) (1980). Accord *Acierno v. State*, 176 Ga. App. 600, 601 (3) (337 SE2d 39) (1985). See also *Davis v. State*, 129 Ga. App. 796 (201 SE2d 345) (1973). Compare *Wood v. Georgia*, 450 U. S. 261, 271-273 (101 SC 1097, 67 LE2d 220) (1981).

3. Appellants contend they were entitled to requested charges on the lesser offenses of possession of cocaine and possession with intent to distribute cocaine, because the State's evidence as to the amount of cocaine seized was doubtful. "Since these requests were not made a part of the record they cannot be the basis for a reversal." *Herndon v. State*, 132 Ga. App. 747-748 (2) (209 SE2d 26) (1974).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 20, 1988.

*David E. Morgan III*, for appellants.
*John C. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney*, for appellee.