## 76421. COOPER v. THE STATE.
### (373 SE2d 796)

POPE, Judge.

Appellant Jimmy Lee Cooper was convicted of five counts of violating the Georgia Controlled Substances Act by selling marijuana to an undercover police agent, and appeals.

1. Appellant contends that the trial court improperly allowed the State to introduce evidence at trial of a similar criminal transaction without prior approval of such evidence as required by Rule 31.3 of the Uniform Rules for Superior Courts. The undercover officer testified that on one occasion while he was making a marijuana purchase from appellant, another man arrived, purchased a "dime bag" and left. A specific exception is recognized by Rule 31.3 (E) when the State introduces evidence of similar transactions which are "immediately related in time and place to the charge being tried, as part of a single, continuous transaction." *Williams v. State*, 182 Ga. App. 849 (357 SE2d 301) (1987). Appellant argues that because the sale was to a different person it was not part of a single continuous transaction in which he was involved. However, the other crime occurred during the commission of the offense for which appellant was charged, and thus was an integral part of the res gestae and admissible in evidence. *Yarbrough v. State*, 186 Ga. App. 845, 847 (368 SE2d 802) (1988); *Fudge v. State*, 184 Ga. App. 590 (2) (362 SE2d 147) (1987).

"Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. [Cit.] Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense and does not tend to establish the main offense. [Cit.]" *Fuqua v. State*, 183 Ga. App. 414, 419 (1) (359 SE2d 165) (1987). Accord *Lawrence v. State*, 187 Ga. App. 211 (1) (369 SE2d 531) (1988).

2. Appellant raised an entrapment defense at trial, testifying on direct examination that he acted as a middleman between the undercover agent, who was purchasing marijuana, and an informant who was selling it, only because "[t]hey just kept bugging me. Everytime both of [th]em would come around that's all they'd talk about, something about pot. So, just to get [th]em off my back, you know, I'd go along with [th]em. I didn't want to try to run [th]em off. Erwin (the informant) is my next-door neighbor, he's our friend. He was just the

same as one of my boys." On cross-examination appellant was questioned about attacking the informant with a pool cue and making other threats of violence, to which he objected.

Appellant asserts that this line of questioning was not only in violation of Sup. Ct. Rule 31.3, as the State did not comply with notice requirements, but also impermissibly placed his character in evidence contrary to OCGA §§ 24-2-2 and 24-9-84, thereby requiring reversal. We disagree. This was a proper area for cross-examination regardless of whether it placed appellant's character in evidence, since appellant introduced the issue of his friendly relationship with the informant as a basis of his defense. OCGA § 24-9-82; *Long v. State*, 185 Ga. App. 277 (1) (363 SE2d 807) (1987). See generally *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986). "[T]he extent of cross-examination is within the discretion of the trial court and will not be disturbed on appeal unless it is manifestly abused. [Cits.]" *Wright v. State*, 179 Ga. App. 325, 326 (2) (346 SE2d 361) (1986). We find no grounds for reversal.

*Judgment affirmed. Birdsong, C. J., and McMurray, P. J., concur. Benham, J., disqualified.*

DECIDED SEPTEMBER 9, 1988 —
REHEARING DENIED OCTOBER 3, 1988 ■

*Bobby Lee Cook, L. Branch S. Connelly,* for appellant.

*Jack O. Partain III, District Attorney, Lee R. Taylor, Assistant District Attorney,* for appellee.