A89A0734. JEFFERSON v. THE STATE.
(381 SE2d 564)

McMURRAY, Presiding Judge.

Via indictment, defendant was accused of committing aggravated assault by stabbing the victim "five times" with an object resembling "a sharpened screwdriver." Tried by a jury, defendant was found guilty and following the imposition of sentence, defendant appeals. *Held*:

1. Defendant contends the trial court erred in refusing to permit him to testify that he was defending himself at the time of the assault. This contention is wholly without merit. The trial court simply questioned the "relevance" of such testimony since defendant denied that he stabbed the victim. At no point did the trial court rule that defendant could not introduce evidence of self-defense.

2. Error is assigned on the failure of the trial court to charge the jury concerning self-defense. Assuming the evidence was sufficient to support such a charge, we find no error in this regard.

A review of the record demonstrates that defendant neither requested a charge on self-defense nor objected to the failure to give such a charge. "[T]hough present law exempts the defendant in a

criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. 1963, pp. 1072, 1078; Code Ann. § 70-207 [OCGA § 5-5-24]) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.]" *Hardin v. State*, 141 Ga. App. 115, 116 (2) (232 SE2d 631). Accord *Ivie v. State*, 151 Ga. App. 496, 500 (5) (260 SE2d 543). Was the failure to charge on self-defense clearly harmful as a matter of law? We think not. Self-defense was not the defendant's sole defense. In fact, defendant denied stabbing the victim. Thus, it cannot be said that the trial court erred in failing to charge on self-defense in the absence of a request for such a charge. See *Jackson v. State*, 154 Ga. App. 867, 868 (2) (270 SE2d 76). Compare *Nix v. State*, 135 Ga. App. 672 (219 SE2d 6).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 11, 1989.

*Gary L. Morris*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.