## A90A0421. LATHAM v. THE STATE.
(393 SE2d 498)

BIRDSONG, Judge.

Robert Latham, Jr., was tried for the murder of Willie Kaigler and convicted of voluntary manslaughter. On appeal, he asserts he was entitled to a directed verdict or new trial because "there was no evidence sufficient to overcome a reasonable doubt that appellant acted otherwise than in self-defense"; and he complains of the admission of evidence that he had been free-basing cocaine prior to the incident. *Held*:

1. Appellant stabbed Willie Kaigler in the parking lot of Kaigler's apartment. There were four eyewitnesses. The evidence varies somewhat among the witnesses because of the nature of the struggle between appellant and the deceased; however, there was ample evidence that appellant was the aggressor and had stabbed Kaigler, although Kaigler had raised a nightstick towards appellant. Evidence showed appellant had confronted Kaigler about some money Kaigler owed him, and had stated to others the night before that he would cut Kaigler's tires, and had approached Kaigler and Kaigler's wife in the apartment parking lot as they were unloading groceries. Appellant later stated and testified that he was struck by Kaigler and he grew frightened, threw the knife towards Kaigler, and ran. But, at least one eyewitness testified she saw appellant plunge the knife into Kaigler after Kaigler had raised up his hand; she never saw Kaigler strike appellant. The medical examiner testified the knife blade was three inches long and had entirely penetrated Kaigler's body, cutting the edge of Kaigler's breastbone before penetrating his aorta. The examiner testified these facts were not consistent with the possibility of the knife having been simply thrown at the deceased.

As to whether all of the evidence raised any reasonable doubt of the commission of the crime charged or showed appellant acted in self-defense, this is exactly the sort of case where the jury is best empowered to resolve any conflicts in the evidence and determine the credibility of the witnesses and adjudge the facts. Viewing the evidence in favor of the jury's findings, we find there was clearly sufficient evidence from which a rational trier of fact could find appellant guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson*

*v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in admitting appellant's own evidence that he had been free-basing cocaine the night before the killing until 2:00 or 3:00 a.m. and again on the day of the killing until 1:00 p.m. Appellant stabbed Kaigler at about 5:30 p.m.

This evidence, as part and parcel of the crime and as res gestae, was admissible under *Parks v. State*, 254 Ga. 403, 408 (330 SE2d 686) and *Hart v. State*, 185 Ga. App. 141, 142 (363 SE2d 599), even though the killing does not appear to have directly involved drug usage and even though the evidence incidentally puts appellant's character in issue. The trial court, having determined the evidence was admissible on grounds of relevancy (see OCGA § 24-2-1), properly instructed the jury that they would be the determiners of whether this evidence was in fact relevant, and appellant did not object to the charge or suggest a better one. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court; it does not matter that the act does not establish directly the main offense. See *Fuqua v. State*, 183 Ga. App. 414, 419 (1) (359 SE2d 165); and see *Cooper v. State*, 188 Ga. App. 629 (373 SE2d 796); *Lawrence v. State*, 187 Ga. App. 211 (1) (369 SE2d 531).

In this case, the evidence is well within the range of circumstances which the jury might find relevant. The evidence showed appellant was in the recent and immediate custom of free-basing cocaine every few hours, and he had last used the drug before 1:00 p.m., prior to killing Kaigler at about 5:30 p.m. The jury could determine these facts were relevant to show that appellant was an habitual cocaine user who, at the time of the killing, was in a state of mind affected by his use of the drug or by his need for the drug. Certainly, this is part of the res gestae. And, even questionable evidence should be admitted rather than barred (see *Baker v. State*, 246 Ga. 317 (271 SE2d 360)); where the facts would permit the jury to make an inference pertinent to the issue, according to the view they take of them, the jury ought to be permitted to hear them. *Williams v. State*, 153 Ga. App. 890 (267 SE2d 305). Under *Parks v. State* and *Hart v. State*, supra, recent drug usage is such evidence. The trial court did not err in admitting this evidence.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 13, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, Gregory*

*A. Adams, Assistant District Attorneys*, for appellee.