## A91A2061. ROLLINS v. THE STATE.
(413 SE2d 261)

McMurray, Presiding Judge.

Terry Randy Rollins, also known as T. C. Rollins, was convicted of possession of methamphetamine with intent to distribute and he appeals. *Held*:

1. Pursuant to a search warrant, members of the Forsyth, Pickens, Jasper Drug Task Force searched a mobile home in Forsyth County. Defendant and two juveniles (defendant's brother and his friend) were in the home. Searching defendant's person, the officers found a syringe in his pocket. The syringe contained suspected contraband. Defendant was arrested and taken away. The officers continued to execute the search warrant. The entire search took two or three hours.

In the midst of the search, a vehicle approached the mobile home. A man exited the vehicle and knocked on the door. One of the officers stepped into a bedroom. Another answered the door and told the man to "Come on in."

The man asked, "Is Terry here?" The officer replied, "No, Terry's downtown doing some business and told me to take care of business for him." The officer asked the man what he needed. He said, "I need a half." The officer asked "How much has Terry been charging you?" At that point, the man produced $40 and the officer arrested him, seizing the $40.

Defendant contends the foregoing evidence was inadmissible because it constituted similar transaction evidence and defendant did not receive ten days written notice of the State's intent to introduce it pursuant to Uniform Superior Court Rule 31.3. We disagree.

"Our new Uniform Superior Court Rules (effective July 1, 1985) provide that if the prosecution intends to present evidence of similar transactions to those charged it may notify the court prior to trial and request a ruling. Rule 31.3 (A). Such notice shall be served on the defendant's counsel. Rule 31.3 (B). If prior approval is not obtained, evidence of similar transactions shall be inadmissible. Rule 31.3 (C). However, there is an exception. 'Nothing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurences which are lesser included alleged offenses of the charge being tried, or are immediately related in time and place to the charge being tried, as part of a single, continuous transaction.' Rule 31.3 (E)." *Presley v. State*, 177 Ga. App. 611, 614 (340 SE2d 253).

The evidence complained of occurred after defendant's arrest while the officers were completing a search of the premises. It is "sufficiently related in time and place, and is a part of one continuing transaction, and a part of the res gestae, so as to come within the parameters of Rule 31.3 (E)." *Presley v. State*, 177 Ga. App. 611,

supra at 614. See also *Williams v. State*, 182 Ga. App. 849 (357 SE2d 301). "The fact that it incidentally places defendant's character in issue does not render it inadmissible. *Lenear v. State*, 239 Ga. 617, 619 (238 SE2d 407); *Mosley v. State*, 150 Ga. App. 802, 804 (258 SE2d 608)." *Presley v. State*, 177 Ga. App. 611, supra at 614.

In passing, we note that the evidence was relevant to demonstrate that defendant "was in fact maintaining direct contact with the residence being searched contrary to [his contention] that this was not his residence. It also established that defendant could have been or was in direct contact with the controlled substances found at the residence. . . . The substance of the . . . conversation was also admissible to identify the defendant and to demonstrate his modus operandi. [Cits.]" *Teems v. State*, 161 Ga. App. 339 (287 SE2d 774).

2. During the search of the premises, the officers came upon an electrical box which had been hidden behind a bed. Inside the box, the officers discovered a large quantity of a white powdery substance in a clear plastic bag. Tests performed on the substance revealed it to be nothing more than a common household item. Nonetheless, the substance was put into evidence over defendant's objection that it was unduly prejudicial. Since the jury was made well aware of the fact that the substance was not contraband, we can see no prejudicial error.

3. Defendant complains that the trial court permitted the State to introduce a letter and a "beeper" taken from the premises as well as the $40 which the officer seized from the intruder at the time of his arrest. We find no error. The letter, addressed to "T.C.," was relevant to connect defendant to the premises. The beeper and the $40 were introduced after defendant cross-examined the officer and asked him (1) if defendant had a beeper and (2) why the money was not listed on an inventory sheet.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 26, 1991.

*Roman A. DeVille*, for appellant.
*Garry T. Moss, District Attorney, C. David Turk III, Assistant District Attorney*, for appellee.