## A92A1933. BAIRD v. THE STATE.
### (427 SE2d 37)

BEASLEY, Judge.

Appellant was convicted of the burglaries of the residences of Center and Grayson (OCGA § 16-7-1 (a)), theft by taking an automobile van (OCGA § 16-8-2), and felony escape from the Oconee County Jail (OCGA § 16-10-52). He was acquitted of the burglary of a third residence.

The State's evidence showed that appellant was incarcerated in the county jail because of a prior conviction of felony escape. He and fellow inmate Smallwood escaped from the jail in the early morning hours of October 27, 1990. Over the next 24 hours, they burglarized the Center and Grayson residences (appellant stated to police that Smallwood burglarized the third residence without his knowledge), and they then stole the car and drove away. These crimes occurred in Oconee County.

The next evening they broke into a sporting goods store in Elbert County and took a large number of weapons. In the early morning hours of October 29, they went to a residence in Madison County and asked the homeowner to assist them with the van. He alerted the police. When apprised of this, appellant and Smallwood fled. The police were alerted to their location by the sound of weapons discharging. The police found the two men in a church with pistols drawn. Other weapons from the sporting goods store were in their possession and in the vicinity of the van.

1. Appellant contends that the trial court erred in admitting evidence of the burglary of the sporting goods store in that it was an independent crime for which he was not indicted (it occurred in another county) and was irrelevant.

The evidence was admitted as part of the res gestae and upon a ruling that its probative value outweighed its prejudicial effect. See

*Bixby v. State*, 234 Ga. 812, 813 (1) (218 SE2d 609) (1975); *Blackshear v. State*, 199 Ga. App. 839, 840 (2) (406 SE2d 269) (1991) (applying a balancing test where evidence of the circumstances of the arrest also shows commission of independent crimes).

"It is well settled in this state that '(a)cts are pertinent as a part of the *res gestae* if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. . . .' [Cits.] . . . ' " ' 'One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the *res gestae*.' " ' [Cits.] 'Therefore, a trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous.' [Cit.]" *Sypho v. State*, 175 Ga. App. 833, 835 (3) (334 SE2d 878) (1985). The admission of the evidence of the events which were part of a crime spree that ignored county lines was not clearly erroneous.

2. Appellant contends that the trial court erred in admitting evidence of the burglary of the sporting goods store for the additional reason that he was not given proper notice of the State's intention to introduce evidence of a prior similar transaction, as required by USCR 31.3 (B).

USCR 31.3 (E) states that "[n]othing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction." The offense in issue here, being part of the res gestae, was qualified. *Rollins v. State*, 202 Ga. App. 88 (1) (413 SE2d 261) (1991).

3. Appellant contends that the trial court erred in admitting evidence of the burglary of the sporting goods store, for yet a third reason, that it was not sufficiently similar to the indicted charges, and evidence of it was not admitted in accordance with the requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The answer, adverse to his contention, is given in Division 1.

4. Finally, appellant challenges the denial of the motion to suppress his incriminating statement to the police, citing *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). He argues that he made the statement after invoking his rights to counsel and to remain silent, and that the police, rather than he, initiated further communications which resulted in the statement. See *Roper v. State*, 258 Ga. 847, 849 (1) (375 SE2d 600) (1989).

Both the sheriff and chief jailer testified that they did not initiate questioning after appellant exercised his right to remain silent. The chief jailer testified that appellant said he wanted to talk to the sheriff. He was later taken to the sheriff's office. After the sheriff advised appellant of his *Miranda* rights, he made an incriminating statement which the sheriff recorded on a tape recorder. After conducting a *Jackson v. Denno* hearing, the trial court found the statement to be admissible, and the tape was played to the jury.

Unless clearly erroneous, a trial court's factual determinations relating to the credibility of witnesses and the admissibility of confessions will be upheld on appeal. E.g., *Sumpter v. State*, 260 Ga. 683 (2) (398 SE2d 12) (1990). The trial court's finding in favor of admissibility was not clearly erroneous.

Appellant suggests that his statement was also tainted, because authorities placed him in solitary confinement in a manipulative effort to get him to make an incriminating statement so as to be moved out of solitary. The sheriff testified that appellant was placed there because he had escaped twice and was thus a very high-risk inmate, and that he was given everything due him, such as showers, telephone, and meals. A hope of benefit " 'which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession.' [Cit.]" *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 7, 1993.

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, M. Mark Wiggins III, D. Todd Wooten*, for appellant.

*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.