## S94A0461. PALMORE v. THE STATE.
(441 SE2d 405)

HUNSTEIN, Justice.

Randy Palmore was convicted of murder and sentenced to life in prison for the shooting death of Sean Sheffield.[1] He appeals, enumerating the sufficiency of the evidence and the denial of his motion for a directed verdict of acquittal.

Evidence was adduced that while Sheffield was talking to friends in the parking lot of a local club, appellant walked up from behind Sheffield, tapped him on the shoulder and called his name. When Sheffield turned, appellant shot him in the chest. Appellant fired twice more as the victim attempted to flee, striking the victim a second time in the chest and also in the hip. Expert testimony established that the victim died as a result of the two chest wounds, one shot having been fired from a distance of less than two inches. Several witnesses to the shooting testified that the victim was unarmed and had no time to make any threatening motions (i.e., reach for a weapon) before appellant shot him. There was evidence that appellant harbored a grudge against the victim because of his involvement in a beating appellant had sustained a week earlier.

Two defense witnesses testified that the victim was armed and had reached for his weapon before appellant fired. Appellant testified that he did not intend to hurt the victim when he first approached and that he fired the shots in self-defense.

As to whether all of the evidence raised any reasonable doubt of the commission of the crime charged or showed appellant acted in self-defense, this is exactly the sort of case where the jury is best empowered to resolve any conflicts in the evidence and determine the credibility of the witnesses and adjudge the facts. *Hanson v. State*, 258 Ga. 564 (1) (372 SE2d 436) (1988); *Latham v. State*, 195 Ga. App. 355 (1) (393 SE2d 498) (1990). Viewing the evidence in favor of the jury's findings, we find there was sufficient evidence from which a rational trier of fact could find appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Consequently, the trial court did not err by denying appellant's motion for a directed verdict of acquittal. *Davis v. State*, 261 Ga. 255 (1) (403 SE2d 813) (1991).

*Judgment affirmed. All the Justices concur.*

---

[1] The homicide occurred on December 22, 1991. Palmore was indicted on April 21, 1992 in Mitchell County. He was found guilty on July 28, 1992 and was sentenced the same day. A notice of appeal was filed August 25, 1992. The transcript was certified on September 16, 1993. The appeal was docketed in the Court of Appeals on September 23, 1993 and, upon being transferred to this Court on December 15, 1993, was docketed here on December 29, 1993. This appeal was submitted for decision without oral argument on March 9, 1994.

DECIDED APRIL 4, 1994.

*Ernie M. Sheffield, Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Ron S. Smith, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney*, for appellee.