## S95A0218. LAMB v. THE STATE.
(455 SE2d 833)

HUNSTEIN, Justice.

Appellant, Theowanda Lamb, was convicted of murder in the shooting death of David Underwood.[1] He appeals and we affirm.

1. Evidence adduced at trial showed that appellant and his companions drove from Vidalia, Georgia to a nightclub in Swainsboro, Georgia. As Underwood left the club's parking lot in his automobile, appellant leaned into the passenger window of the vehicle and fired his handgun at Underwood striking him in the head, chest and extremities. Underwood died from his injuries. Appellant denied shooting directly at the victim, insisting instead that he was aiming above the automobile. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt, *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with the result that the trial court did not err in denying appellant's motion for a directed verdict of acquittal. *Palmore v. State,* 264 Ga. 108 (441 SE2d 405) (1994).

2. Appellant's remaining enumerations of error are without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 10, 1995 —
RECONSIDERATION DENIED MAY 5, 1995.

*Lovett Bennett, Jr.,* for appellant.

---

[1] The homicide occurred on July 31, 1993. Appellant was indicted on September 27, 1993 in Emanuel County. He was found guilty on January 13, 1994 and sentenced to life in prison the same day. His motion for new trial was filed on February 11, 1994 and denied on August 25, 1994. Appellant filed a notice of appeal to the Georgia Court of Appeals on September 22, 1994 and the case was transferred to this Court on October 12, 1994. The appeal was docketed on October 27, 1994 and submitted for decision on briefs on January 18, 1995.

[2] Appellant also contends that the State failed to establish a sufficient chain of custody for the handgun and bullets used in the shooting; that the trial court erred in failing to rebuke the district attorney or grant a mistrial for improper comments during closing argument; and that the trial court erred in admitting into evidence a summary of an investigator's interview with appellant.

Richard A. Malone, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General, for appellee.