S95A1003. WHITMIRE v. THE STATE.
(458 SE2d 849)

HUNSTEIN, Justice.

David Whitmire was convicted of malice murder, felony murder, and aggravated assault in the shooting death of Eric Robinson. He was sentenced to life imprisonment for the malice murder and a concurrent 20-year sentence for the aggravated assault.[1]

1. Appellant contends the trial court erred by denying his motions for a directed verdict of acquittal. Evidence adduced at trial showed that appellant and the victim had been engaged in an ongoing argument over stereo amplifiers that the victim's girl friend had given to appellant. Minutes prior to the murder, appellant and several friends called the victim out of his home to discuss the amplifiers, at which time appellant threatened to kill the victim. Moments thereaf-

---

[1] The crimes occurred on April 4, 1993. Whitmire was indicted May 25, 1993 in Fulton County. He was found guilty on all counts. Verdict and sentence were filed November 18, 1994. A notice of appeal was filed on December 9, 1994. The transcript was certified March 15, 1995 and the appeal was docketed March 22, 1995. This appeal was submitted for decision without oral argument on May 15, 1995.

ter, appellant shot the victim in the chest as he turned to reenter his home. After the shooting a witness heard appellant say to the victim, "[T]ake that." Appellant was identified as the shooter by the victim's girl friend. Several witnesses testified that the victim was not in possession of a weapon at the time of the murder and police found no weapons on the victim's person or in the vicinity of the crime scene.

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Consequently, the trial court did not err by denying appellant's motions for a directed verdict of acquittal. *Palmore v. State*, 264 Ga. 108 (441 SE2d 405) (1994).

2. Under the facts of this case, the trial court should have merged the aggravated assault charge into the murder conviction. See *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992). The conviction and sentence for the underlying charge of aggravated assault is therefore vacated.

*Judgment affirmed in part and vacated in part. Benham, C. J., Fletcher, P. J., Sears, Carley and Thompson, JJ., concur.*

DECIDED JULY 14, 1995.

*Patrick G. Longhi*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Carla E. Young, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General*, for appellee.