A95A1508. HUMPHREY v. THE STATE.
(462 SE2d 641)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with three counts of aggravated assault with a certain pistol, a deadly weapon; two counts of kidnapping; and two counts of aggravated assault upon a peace officer. The evidence adduced at his jury trial, including the defendant's written custodial statement, showed that at approximately 2:00 a.m. on June 18, 1994, defendant quarrelled with his former girl friend, Tiffany Phillips, in a club named Sherwood's. Defendant is the father of Tiffany Phillips' three-year-old son. Defendant struck Tiffany Phillips for dancing with another man, Lynne Henderson. Tiffany Phillips declined to press charges because she "was scared of [defendant]." Tiffany Phillips was afraid to go home because she thought defendant "was going to be at [her] apartment." She and her friends stayed at a Waffle House until 6:30 a.m., when Tiffany Phillips telephoned her mother, Anne Phillips, and was informed that defendant had not called or come by that night. When she arrived home she parked her car on the "other side of the apartments," because she did not want defendant to see her car and stop. Once inside, Tiffany Phillips stood at the window, "either looking for Lynne [Henderson] to come back or her [mother's] boss to show up, and about that time, [defendant] came around the corner in a friend's truck, [or] Jeep." Tiffany Phillips told defendant "to leave, please just leave, and about that time, Lynne [Henderson] came around the corner in his truck." Defendant turned to go to his truck. Tiffany Phillips, fearful that defendant was going to get his gun from his truck, called 911. She saw

defendant fire a shot at Lynne Henderson's vehicle. As Lynne Henderson's vehicle was pulling out of the apartments, defendant "busted in the front door," which had been "dead bolted and locked and chained," with the gun in his hand. Defendant pushed Tiffany Phillips into a corner, knocked the phone from her hand, and told her "he's going to kill us, he's going to kill us all, including himself." Defendant pointed the gun at Tiffany Phillips and pointed the gun at her mother, Anne Phillips, "telling her to shut up or he'll kill her, too." When the police arrived at the apartment, defendant pulled Tiffany Phillips up out of the corner and grabbed her around her neck with his arm and put the gun to her head. When the police entered through the door, defendant pulled the gun from Tiffany Phillips' head, pointed it at the police, and then back to her head. He then dragged Tiffany Phillips down the hall, pulling her. Once defendant reached Tiffany Phillips' bedroom, he let her go. Terrified for her life, Tiffany Phillips begged permission to "call our son and tell him good bye first[.]" At the mention of their son, defendant's behavior changed. He spoke to Tiffany Phillips without being violent and pointed the gun down. Together, Tiffany Phillips and the defendant unloaded the gun, and then defendant surrendered to the police.

Lynne Henderson identified State's Exhibit 26 as a photograph of the "side panel of [his truck's] door where the bullet went through." Lieutenant James W. Smith and Officer Michael E. Taylor of the Riverdale Police Department responded to the domestic disturbance. After they announced "police," defendant grabbed Tiffany Phillips around the neck and pointed the gun to her head. Defendant "then pointed the gun at [Lieutenant Smith and Officer Taylor] continuing to scream, get out, I'll kill her, get out, I'll kill you."

The jury acquitted defendant of kidnapping Anne Phillips but found him guilty of all other charges. This direct appeal followed. *Held*:

1. In his first enumeration, defendant challenges the sufficiency of the evidence to convict. However, the evidence adduced at trial was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdicts that defendant committed aggravated assault by use of a deadly weapon against Tiffany Phillips, Anne Phillips, and Lynne Henderson as alleged in the indictment, in violation of OCGA § 16-5-21 (a) (2). *Williams v. State*, 208 Ga. App. 12 (430 SE2d 157). The evidence also authorized the jury's verdicts that defendant committed aggravated assault against Lieutenant Smith and Officer Taylor, in violation of OCGA § 16-5-21 (c). *Duitsman v. State*, 212 Ga. App. 348 (1) (441 SE2d 888). Evidence that defendant dragged Tiffany Phillips at gunpoint down the hall to her bedroom is sufficient to authorize the jury's verdict that defendant kidnapped her as alleged, in violation of OCGA § 16-5-40

(a). *Lockett v. State*, 217 Ga. App. 328, 329 (1) (457 SE2d 579). As to each conviction, the enumeration of the general grounds is without merit.

2. The trial court admitted testimony relating the circumstances of defendant's violent 2:00 a.m. row with Tiffany Phillips as proof of a continuous course of conduct falling within the res gestae. On appeal, defendant enumerates this evidentiary ruling as error, arguing the trial court failed to "take into consideration the prejudicial impact in determining the probative value[, relying on] *Brown v. State*, 197 Ga. App. 155, 398 S.E.2d 34 (1990)."

"The determination that [extrinsic acts] evidence is more probative than prejudicial is implicit in the trial court's determination that [such evidence is] substantially relevant for an appropriate purpose." *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148). Contrary to defendant's argument, however, once a trial court has determined that evidence is relevant and admissible, "there is no further requirement that the record reflect the trial court's express balancing determination as between the probative value of the evidence and its prejudicial impact. Such an express determination would be entirely superfluous, since evidence which 'is otherwise relevant . . . does not become inadmissible simply because it incidentally puts a defendant's character or reputation into evidence. (Cit.)' *Jones v. State*, 263 Ga. 835, 839 (3) (439 SE2d 645) (1994)." *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643). This enumeration is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 21, 1995.

*William W. West*, for appellant.

*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant District Attorney*, for appellee.