A00A0597. STILES v. THE STATE.
(529 SE2d 913)

ELDRIDGE, Judge.

On November 19, 1998, Dale E. Stiles was convicted by a jury of battery and cruelty to children in Habersham County Superior Court. Following his motion for new trial, the trial court granted a new trial on the battery count because there had been no charge on self-defense but denied the motion as to the cruelty to children conviction. Stiles appeals from the trial court's order. This Court finds that the trial court erred in denying a new trial on the cruelty to children conviction. Therefore, we reverse and remand with direction.

---

The relevant facts, viewed in a light most favorable to the jury's verdict,[1] are as follows: On December 7, 1997, Stiles and his ex-wife, Diane Jones, argued in the presence of her 11-year-old son, S. G. Jones claimed that Stiles severely beat her after she told him to leave her home. She testified that Stiles knocked her to the ground while she was holding their eight-month-old baby; the baby fell out of her arms and rolled under the piano. According to Jones, Stiles then repeatedly punched, kicked, and choked her before dragging her to the bedroom and pulling off her clothes. Jones testified that Stiles started to rape her, but she lost consciousness and did not know if he actually penetrated her. When she regained consciousness, Jones grabbed a paring knife from a bedside table and cut Stiles several times.

Jones and S. G. also testified that Stiles forced S. G. to sit in a chair and watch the entire incident. As Jones screamed and begged S. G. to go next door to get help, Stiles threatened S. G. that he would kill Jones if S. G. got out of the chair. Jones testified that S. G. was crying and screaming at Stiles to stop beating Jones. S. G. testified that he saw Stiles beat and rape Jones.

Stiles admitted that he hit Jones two or three times but claimed self-defense. He testified that Jones was the primary aggressor when she became intoxicated and threatened him with a knife as he tried to stop her from leaving the house with their baby. Stiles also denied that he forced S. G. to watch the beating, although he admitted that S. G. was in the dining room at the time of the incident; that S. G. could see into the bedroom from the dining room; and that S. G. was upset and crying during and after the incident.

The jury acquitted Stiles on the aggravated assault charge but convicted him on the lesser included offense of battery. The jury also convicted Stiles of the cruelty to children charge based upon his actions toward S. G. but acquitted him on a second cruelty to children charge relating to his treatment of the baby. In his motion for new trial, Stiles claimed, inter alia, that he was entitled to a jury charge on self-defense and that his counsel was ineffective for failing to request such charge. The trial court agreed in part and granted a new trial on the battery charge only. Stiles appeals from this order. *Held*:

1. Stiles asserts that he was entitled to a jury instruction on self-defense as to Count 2, cruelty to children, and that his trial counsel was ineffective for failing to request such instruction. We agree that Stiles was entitled to a self-defense charge as his sole defense and,

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

therefore, reverse his conviction for cruelty to children.

Stiles claimed that his sole defense to his violent acts against Jones was that such acts were performed in self-defense to her prior attack on him with a knife. As such, the trial court correctly ruled that the failure to charge on self-defense was harmful as a matter of law, even absent a request. See *Jefferson v. State*, 191 Ga. App. 306, 307 (2) (381 SE2d 564) (1989). However, this Court finds that the failure to charge self-defense as to the cruelty charge also constituted harmful error, because Stiles' claim of self-defense would have negated the essential element of malice if believed by the jury. See OCGA § 16-5-70 (b); *Brewton v. State*, 266 Ga. 160, 162 (465 SE2d 668) (1996). Malice imports the absence of all elements of justification or excuse and the presence of an actual intent to cause harm. See *Chastain v. State*, 239 Ga. App. 602, 604 (1) (521 SE2d 657) (1999); *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4) (398 SE2d 25) (1990). Child cruelty must arise from malicious conduct rather than negligence or justified conduct. *Woodbury v. State*, 264 Ga. 31, 33 (440 SE2d 461) (1994) (Sears-Collins, J., concurring).

Further, Stiles' failure to request the self-defense charge did not act as a waiver, because the overlooked charge was "clearly harmful and erroneous as a matter of law in that it fail[ed] to provide the jury with the proper guidelines for determining guilt or innocence." (Citations and punctuation omitted.) *Jefferson v. State*, supra at 307. See also *Roberts v. State*, 221 Ga. App. 196, 198 (3) (471 SE2d 27) (1996); *Pearson v. State*, 216 Ga. App. 333, 334-335 (454 SE2d 205) (1995). Accordingly, Stiles is entitled to a new trial on the cruelty to children charge.

2. Stiles' remaining enumerations involve the admissibility of evidence of prior difficulties between the parties. Although such evidence is relevant only to Count 1, for which a new trial was granted by the trial court, there is a significant likelihood that the question of the admissibility of such evidence will arise again on retrial. Therefore, this Court has considered the issues and rules as follows:

(a) The State is not required to give prior notice, pursuant to Uniform Superior Court Rules 31.1 and 31.3, of its intent to introduce evidence of prior difficulties between Stiles and Jones. *Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904) (1998).

> [E]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the

defendant is being prosecuted. . . . However, the admission of such evidence should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence.

(Citations omitted.) Id.

(b) As Stiles set forth a prima facie case of self-defense, he was entitled to present evidence of his prior difficulties with Jones in order to support his justification claim and was not required to give prior notice to the State pursuant to USCR 31.1 and 31.6. *Owens v. State*, 270 Ga. 199, 202 (509 SE2d 905) (1998).

*Judgment reversed and remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2000.

*McDonald & Cody, Phillip G. Cody, Jr.*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.