## 41589. SMITH v. THE STATE.
### (322 SE2d 492)

MARSHALL, Presiding Justice.

Herman Smith was indicted, tried and convicted of the malice murder of Beverly Ann Farley. He was sentenced to life imprisonment.[1] His appointed appellate counsel has filed an Anders motion, Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).

1. The trial court did not err, over the defendant's objection and without a show of surprise, in allowing in evidence a prior inconsistent statement of state's witness Ford, both to impeach that witness and as substantive evidence. *Ranger v. State,* 249 Ga. 315 (2) (290 SE2d 63) (1982); *Davis v. State,* 249 Ga. 309 (3) (290 SE2d 273) (1982).

2. The trial court did not err in allowing in evidence expert testimony by a forensic dentist that it was highly probable that bite marks on the victim's body were made by the defendant's teeth, where the defendant had cooperated with the witness when he took the impression of the defendant's teeth, had signed a waiver with regard thereto, and failed to either specifically object or move to strike the witness' overall testimony at the trial. Such evidence has been held to be competent, material, relevant and admissible. People v. Middleton, 54 NY2d 42 (429 NE2d 100) (1981); State v. Sager, 600 SW2d 541 (Mo. App. 1980).

3. The trial court, over objection, allowed the admission in evidence of 13 photographs and one umbrella. The photographs, though gruesome and prejudicial, were admissible as illustrative of the crime scene, the type and extent of the victim's injuries, and the circumstances surrounding the murder so as to demonstrate an abandoned or malignant heart on the part of the defendant. E.g., *Oglesby v. State,* 243 Ga. 690 (6) (256 SE2d 371) (1979). Certain photographs which showed injuries on the victim's body which were caused by in-

---

[1] The offense was committed on October 23, 1982. The jury returned its verdict of guilty on May 3, 1983. A motion for new trial was filed on June 2, 1983, heard on May 11, 1984, and overruled on August 31, 1984. Notice of appeal was filed on September 10, 1984, and the transcript of evidence was filed on September 18, 1984. The appeal was docketed in this court on September 27, 1984, and was submitted for decision on November 9, 1984.

tervening agencies not related to the crime (viz., insects) were admissible where the expert witness assured the court that he could make the necessary distinctions for the jury. It was not error to admit in evidence both an umbrella and a photograph of the umbrella. They were admissible for different purposes: the photograph of the tip of the umbrella shows it as it was found by detectives with what turned out to be several of the victim's hairs attached; the umbrella itself was introduced to show additionally that it could have made several of the abrasions on the victim's body, hence was a weapon or instrumentality of the crime. *Walker v. State*, 216 Ga. 15, 17 (3) (114 SE2d 431) (1960). Photographs of tests conducted by the forensic dentist were not erroneously admitted over objection that they failed to show depth perception, where the expert witness explained on cross-examination that this was merely a different type of comparison, between the defendant's teeth and the teeth marks on the victim, which the witness used in reaching his conclusions.

4. We now review the sufficiency of the evidence.

A witness heard the defendant and the victim fighting. He heard a threat and saw the defendant leave the house with a bundle containing the victim's shoe, which same shoe was found on the body. From the bite-mark evidence, the expert witness testified that he was as positive as he could be that the bites were inflicted by the defendant. The abrasions on the victim's body were consistent with the marks which the umbrella, found in the defendant's bathroom, would have made. The hairs found on the end of the umbrella matched those of the victim's head.

The jury's verdict of malice murder is supported by the evidence under the criteria of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Smith, J., not participating.*

DECIDED NOVEMBER 16, 1984.

*Kenneth D. Feldman, Dennis R. Kruszewski,* for appellant.

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.

