A90A1472. MILLER v. THE STATE.

(399 SE2d 281)

COOPER, Judge.

Appellant appeals his conviction by a jury of aggravated child molestation, enumerating as errors the sufficiency of the evidence, the trial court's failure to grant a mistrial and the admission of inadmissible hearsay.

1. Viewing the evidence in a light to support the jury's verdict, the record shows that appellant was a friend of the 11-year-old victim's family. On the day of the offense the victim came to appellant's home to bring him a cat. Appellant invited the victim inside the house, leading her into the living room which he used as a bedroom. As the two sat on a bed watching television, the victim testified that appellant began kissing her ear and touching her breasts; that he pulled her pants down and placed his mouth on her vagina and that he pulled his own pants down and asked her if she wanted to touch his penis. Appellant told the victim not to tell anyone what had happened, and she testified that she told no one until nearly ten months later when her mother came to her school, got her out of class and asked her if appellant "had messed with her." Appellant's common law wife testified that appellant admitted to her that he molested the victim, and the victim's mother testified that the wife's sister, Pamela Smith, told the mother that she overheard appellant's wife discussing the incident with family members. When the victim confirmed that she had been molested, her mother took her to the police where the investigation commenced.

Appellant denied molesting the victim. He testified that the victim had visited his home several times and on those occasions had asked him questions about sex; that his wife was angry with him because he had an affair with the victim's mother; that the victim's mother was angry because he sold her a car which did not run, and appellant intimated that the victim was jealous because he had sex with her mother.

Construing the evidence to support the verdict, we are satisfied that any rational trier of fact could have found appellant guilty of aggravated child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the court erred in failing to grant a mis-

trial when the State elicited testimony from the victim of a separate crime for which he was not indicted. The indictment provided that the act which supported the charge of aggravated child molestation was the placing of appellant's mouth on the victim's vagina. Appellant complains that the victim's testimony that appellant exposed and asked the victim to touch his penis tended to show evidence of a separate crime and improperly placed his character in issue. We determine that the victim's testimony included a statement made by appellant during the commission of the offense for which he was indicted and was an integral part of the res gestae. OCGA § 24-3-3. *Yarbrough v. State*, 186 Ga. App. 845, 847 (368 SE2d 802) (1988). " 'Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. . . .' [Cits.]" *Cooper v. State*, 188 Ga. App. 629 (1) (373 SE2d 796) (1988). "The fact that such part of the res gestae incidentally placed [appellant's] character in issue does not render it inadmissible. [Cits.]" *Yarbrough*, supra.

" '(A) trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered . . . will not be disturbed on appeal unless that determination is clearly erroneous.' [Cits.]" *In re J. B.*, 183 Ga. App. 229, 230 (4) (358 SE2d 620) (1987). Accordingly, we find no basis for reversal.

3. Finally, appellant argues that the court erred in admitting over his objection the victim's mother's testimony regarding what she had been told by Pamela Smith, that Smith overheard appellant's wife discussing the incident with family members. We find that the testimony was admissible for the purpose of explaining the mother's conduct in taking the victim out of school and going to the police nearly ten months after the incident occurred. OCGA § 24-3-2. See *Thomas v. State*, 169 Ga. App. 119, 120-121 (312 SE2d 373) (1983). The record reflects that the State elicited the testimony for that purpose; therefore, the trial court did not err in admitting the testimony.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 21, 1990.

John H. Tarpley, for appellant.
Robert E. Wilson, District Attorney, Barbara B. Conroy, J.

*Thomas Morgan, Assistant District Attorneys,* for appellee.

