S92A1057. ROLLINS v. THE STATE.
(425 SE2d 285)

SEARS-COLLINS, Justice.

The appellant, Billy Ray Rollins, was tried and convicted of one count of malice murder and two counts of aggravated assault after shooting Melvin Harris, Donald Gainey, and Tommy Lee Cummings during a confrontation between rival gangs at a Krystal restaurant in Macon.[1] Melvin Harris later died from the gunshot wound. At trial, the appellant admitted shooting the three victims, but claimed that he shot in self-defense.[2]

As part of its pre-trial investigation, the police took written statements from Montrese and Napoleon Lawson, who are brothers and close friends of the appellant as well as members of the same gang, and who had been present when the appellant shot the victims. At trial, the state called the Lawson brothers as witnesses. When they testified contrary to their written statements, the state brought forth the statements, and questioned the witnesses about the disparities between their statements and their testimony.[3] The appellant argues that the trial court erred by allowing the prosecution "impermissibly liberal impeachment and cross-examination" of the witnesses, in violation of OCGA § 24-9-81, and in failing to grant a mistrial on that

---

[1] The appellant and other members of his gang were in the parking lot at the restaurant when the victims and others arrived in an automobile. The vehicle stopped, and the three victims were shot after they got out of the vehicle. Disputed at trial was why the three got out, what they were doing after they got out, and why the appellant shot.

[2] The crimes were committed on April 4, 1991. Rollins was indicted on May 13, 1991, by a Bibb County Grand Jury. He was tried November 18 and 19, 1991, and sentenced on November 22, 1991, to life imprisonment for murder plus two consecutive twenty-year terms for the aggravated assaults. Rollins filed a motion for new trial on December 11, 1991. The trial court denied the motion for new trial on April 27, 1992, and Rollins filed his notice of appeal on April 30, 1992. The transcript was certified by the court reporter on May 19, 1992. The appeal was docketed in this court on May 22, 1992, and submitted without oral argument on July 3, 1992.

[3] For example, the witnesses' pre-trial statements included the following facts: that the appellant was angry, exchanging words with the victims as they drove by, and was making a scene; that they could not understand what the victims were saying to the appellant from the automobile; that none of the victims or the other occupants of the automobile had a weapon; and that the appellant pressured Napoleon Lawson into giving him the gun used in the shootings.

At trial, the witnesses' testimony included the following statements: that the appellant just asked for the gun but did not insist; that the occupants of the automobile were yelling threats at the appellant and others in the parking lot; that the appellant was not saying anything back to the victims in anger; and that one of the victims was approaching the appellant with a beer bottle in his hand.

ground.

1. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). A party may impeach its own witness with a prior inconsistent statement without any showing of entrapment or surprise, *Ranger v. State*, 249 Ga. 315, 318 (290 SE2d 63) (1982); *Davis v. State*, 249 Ga. 309, 314 (290 SE2d 273) (1982). Accord *Williams v. State*, 253 Ga. 690, 693 (324 SE2d 440) (1985); *Smith v. State*, 253 Ga. 536 (322 SE2d 492) (1984); *Sinkfield v. State*, 201 Ga. App. 284 (411 SE2d 68) (1991). Both Napoleon Lawson and Montrese Lawson took the stand for the state and were available for cross-examination by the defense. The witnesses had ample "opportunity to explain or deny the prior contradictory statement[s]." *Ranger*, 249 Ga. at 318. Therefore, the trial court did not err either by allowing the prosecution to question Napoleon and Montrese Lawson about their written statements, or by refusing to grant a mistrial.

2. Considered in the light most favorable to the verdict, we find the evidence sufficient to permit a rational trier of fact to find the appellant guilty of malice murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Lane & Jarriel, Walter J. Lane, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines, Assistant Attorney General,* for appellee.