## A93A1337. WILSON v. THE STATE.
(439 SE2d 685)

COOPER, Judge.

Kenneth Scott Wilson was tried before a jury and found guilty of child molestation and aggravated child molestation for acts committed against his two-and-one-half-year-old daughter. A timely notice of appeal followed the denial of his motion for new trial and Wilson appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant moved to exclude from evidence incriminating statements he made to the police, claiming that they were the product of custodial interrogation conducted before he had been cautioned of his right to remain silent and of his right to have counsel present. After a *Jackson-Denno* hearing on the voluntariness of appellant's statements, the trial court admitted them into evidence. This evidentiary ruling is enumerated as error.

The burden is on the prosecution to show the voluntariness of a

custodial statement by a preponderance of the evidence. *High v. State*, 233 Ga. 153 (1) (210 SE2d 673) (1974). "Factual and credibility determinations of this sort made by a trial judge after a [voluntariness] hearing must be accepted by appellate courts unless such determinations are clearly erroneous. [Cits.]" *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974). Although appellant testified that he responded to custodial questions asked before he was given his *Miranda* warnings, the arresting officer testified as follows: pursuant to a warrant, appellant was formally arrested in his home and placed in a police car. Before being questioned, he was informed of his *Miranda* rights. He initially waived his right to silence and his right to have an attorney present and responded to one question concerning whether his daughter might have been exposed to movies or other matter which could have prompted her allegations that appellant had molested her. Appellant then invoked his right to silence until he had consulted with an attorney, after which the police made no further inquiry directed to him nor engaged in any conversation designed to elicit a response from him. Thereafter, while still in the police car, appellant made additional spontaneous statements. The officer further testified that appellant had not been threatened, coerced, or otherwise induced by the police to make any additional statement after he invoked his rights.

Reviewing this evidence in the light most favorable to the prosecution, a rational trier of fact could reasonably have found by a preponderance of the evidence that, having first been informed of his rights, appellant knowingly and voluntarily waived those rights with respect to the first statement made in response to custodial questioning. See *Gates v. State*, 244 Ga. 587 (1) (261 SE2d 349) (1979). The evidence also authorized the conclusion that appellant's subsequent statements were spontaneous voluntary remarks, not made in response to any custodial interrogation. *Brown v. State*, 183 Ga. App. 476 (2) (359 SE2d 233) (1987). The trial court did not err in permitting evidence of appellant's voluntary custodial statements to be presented to the jury.

2. Appellant's second enumeration contends that the trial court "erred by ignoring Defense counsel's oral motion to consider evidence at sentencing impeaching the jury's verdict." He alludes to a post-verdict letter from a juror to the presiding judge stating that the juror felt coerced during deliberations by the court's *Allen* charge.

"It would seem that some questions cannot be considered as settled by judicial decision." *Rutland v. Hathorn*, 36 Ga. 380, 387 (6) (1867). "The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 17-9-41. "This is *well settled*." (Emphasis supplied.) *Coleman v. State*, 28 Ga. 78, 85 (1859). This juror's letter is incompetent to impeach the verdict of guilt assented to by

the jurors in open court, although that is exactly what appellant argues in brief. This argument, in substance, asks for a new trial although no enumeration of error directs this court to the overruling of any such motion by the trial court. This unenumerated argument presents nothing for review and may not be considered. *Hibbert v. State*, 146 Ga. App. 887 (3) (247 SE2d 554) (1978). The language of the charge is not enumerated as error. Compare *Dortch v. State*, 204 Ga. App. 822 (3) (420 SE2d 778) (1992). The sole enumeration of error is that the trial court "failed to consider" this otherwise wholly incompetent evidence, presumably in mitigation of sentence. This enumeration is not supported by either the arguments or citations of authority presented in the brief and is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Kosal v. State*, 204 Ga. App. 708 (5) (420 SE2d 621) (1992).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993 — ▮▮▮▮▮▮

*John D. J. Bloodworth*, for appellant.
*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assistant District Attorney*, for appellee.