A93A2202. PARADISE v. THE STATE.
(441 SE2d 497)

POPE, Chief Judge.

Defendant Bobby Joe Paradise was tried before a jury and found guilty of four counts of aggravated child molestation, four counts of aggravated sodomy, and four counts of child molestation for acts committed against his eight-year-old daughter and seven-year-old stepdaughter. At sentencing, the four counts of aggravated child molestation were merged into the four counts of aggravated sodomy. Defendant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Defendant confessed during a police interview. He argues the trial court erred in refusing to exclude his confession because it was the product of an unlawful arrest. " 'It is true that even though proper Miranda warnings may have been given prior to a defendant's making an incriminatory statement and even though the statement may have been voluntary for Fifth Amendment purposes, [such a] statement is nonetheless inadmissible under the Fourth Amendment if it is the product of an illegal seizure. [Cit.]' [Cit.]" *Green v. State,* 168 Ga. App. 558 (309 SE2d 687) (1983). The trial court must deter-

mine whether the statements sought to be excluded " 'were obtained by exploitation of the illegality of [defendant's] arrest.' " *Thompson v. State*, 248 Ga. 343, 344 (2) (285 SE2d 685) (1981). In addition to whether a detainee has been warned of his rights, the factors which should be considered in determining whether a confession has been purged of the taint of an illegal arrest include " '(t)he temporal proximity of the arrest and the confession, the presence of intervening circumstances, . . . and, particularly, the purpose and flagrancy of the official misconduct.' [Cits.]" *Taylor v. Alabama*, 457 U. S. 687, 690 (II) (102 SC 2664, 73 LE2d 314) (1982). " 'Factual and credibility determinations of this sort made by a trial judge . . . must be accepted by appellate courts unless such determinations are clearly erroneous. [Cit.]' " *Wilson v. State*, 211 Ga. App. 457, 458 (1) (439 SE2d 685) (1993).

Although in conflict, the evidence adduced at the hearing held on defendant's motion to exclude his confession would authorize a rational finder of fact to find the following facts: The defendant's stepdaughter told a teacher that defendant had "messed" with her and this allegation was reported to an investigator for the Department of Family & Children Services (DFACS) and the police. Both the daughter and stepdaughter detailed incidents in which defendant made the girls perform and submit to acts of sodomy and other sexual contact.

The investigating officer, Detective West, attempted unsuccessfully to reach defendant by telephone. Defendant was later told by his brother-in-law, erroneously, that warrants for his arrest were outstanding based upon the allegations of the stepdaughter that he had "messed" with her. He then telephoned Detective West, telling her that he wanted to speak with the police about the allegations against him. Defendant agreed to come to the police station for an interview but told Detective West that he had no transportation and would require a ride. They agreed that a sheriff's deputy would meet defendant at his home and drive him to the station. Defendant was waiting at the end of his driveway when the deputy arrived. Mistakenly believing that he was to arrest defendant, the deputy, following departmental policy for transporting a prisoner, frisked and handcuffed defendant before placing him in the back of the police vehicle. When Detective West saw defendant in handcuffs at the police station, she immediately ordered them removed and explained to him before the interview began that he was not under arrest. As a preliminary matter, Detective West cautioned defendant of his rights and explained to him a written waiver of those rights. Although defendant had a tenth grade education, Detective West read the waiver form to him before he signed it. Defendant was not verbally coerced or physically threatened. During the interview, which lasted less than one hour, defendant initially denied molesting the girls before admitting the alle-

gations. At this point, defendant was formally arrested.

Assuming, without deciding, that defendant was subjected to a warrantless arrest without probable cause at the time he was handcuffed and placed in the police vehicle, it is clear that any taint arising therefrom became attenuated. It is undisputed that defendant was not subjected to any custodial questioning by the deputy. The trial court found that defendant knew he was in fact *not* under arrest at the time of the interview, and this determination is supported by the evidence. See *Ferrell v. State*, 261 Ga. 115, 118 (2) (b) (401 SE2d 741) (1991). The deputy's actions, based upon the mistaken premise that arrest warrants already had issued, were intentional but were not designed to elicit a confession. Rather, the purpose was to protect the safety of the officer, in accordance with policy. The mistaken use of handcuffs while the officer transported a suspect who was appearing voluntarily for a police interview simply does not rise to the level of egregiousness or flagrant disregard of the rights of the defendant as would warrant application of the exclusionary rule to deter police misconduct. Cf. *Ryals v. State*, 186 Ga. App. 457, 459 (367 SE2d 309) (1988) (Birdsong, C. J., concurring specially); *State v. Stringer*, 258 Ga. 605 (372 SE2d 426) (1988). Defendant does not contend he wished to cancel the interview after Detective West ordered the handcuffs removed and informed him that he was not under arrest. See *Dupree v. State*, 247 Ga. 470 (2) (277 SE2d 18) (1981). Defendant signed a waiver of his rights after Detective West read and explained the form waiver to him. The evidence supports the conclusion that defendant's confession was not the product of any illegal arrest prior to his confession. See *Devier v. State*, 253 Ga. 604, 616 (5) (a) (323 SE2d 150) (1984). The trial court did not err by overruling defendant's motion to exclude evidence of his confession. Cf. *State v. Harris*, 256 Ga. 24, 26 (2) (343 SE2d 483) (1986).

2. The mother of the victims' friend testified that one of the victims told her that defendant had "made them lick each other down there." Defendant moved for a mistrial on the grounds that such testimony implicated his character and was "similar transactions" evidence for which the State gave no notice pursuant to Uniform Superior Court Rules (USCR) 31.1 and 31.3 (B). In related enumerations of error, defendant complains of the failure of the trial court to make findings as to admissibility after the hearing mandated by USCR 31.3 (B) and to the overruling of his motion for mistrial.

The acts mentioned were conduct contemporaneous with the offenses for which defendant was on trial. "Nothing in [USCR 31] is intended to prohibit the [S]tate from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction." USCR 31.3 (E). Consequently, the failure to con-

duct an admissibility hearing under USCR 31.3 (B) was not error with respect to this evidence. *Cooper v. State*, 188 Ga. App. 629 (1) (373 SE2d 796) (1988); see also *Presley v. State*, 177 Ga. App. 611, 614 (2) (b) (340 SE2d 253) (1986); cf. *Cavender v. State*, 208 Ga. App. 61 (2) (429 SE2d 711) (1993). This evidence was admissible as part of the res gestae. *Cooper v. State*, supra. Moreover, previous testimony of the same uncharged acts had been admitted without objection. The trial court did not abuse its discretion by refusing to declare a mistrial. See *Miller v. State*, 197 Ga. App. 691 (2) (399 SE2d 281) (1990). Defendant's second and third enumerations are without merit.

3. Defendant called his ex-wife, Youlanda Hickman, as a defense witness and did not request that she be declared a hostile or adverse witness. Thereafter, on direct examination, defendant elicited from Hickman testimony that was not favorable to him. Defendant never asked her directly whether she was biased against him. On cross-examination by the State, Ms. Hickman admitted having no personal knowledge of the facts as alleged by the girls and denied having coached them in any way. After this witness had been excused, defendant tendered as exhibits certified copies of criminal convictions entered against Ms. Hickman. The trial court admitted her felony conviction for aggravated assault against defendant but excluded four misdemeanor convictions for bad checks on the ground that defendant was improperly attempting to impeach his own witness. This evidentiary ruling is enumerated as error.

The misdemeanor of issuing a bad check in violation of OCGA § 16-9-20 (a) is a crime of moral turpitude and the jury may consider evidence of a witness' guilty plea to such a crime as proof of general bad moral character which tends to impeach the credibility of that witness within the meaning of OCGA § 24-9-84. *Carruth v. Brown*, 202 Ga. App. 656 (415 SE2d 470) (1992). Nevertheless, "[a] party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." OCGA § 24-9-81. The statutory requirement of "entrapment" which allows a party to impeach his own witness by proof of a previous contradictory statement no longer requires a showing of total surprise and affirmative prejudice. *Wilson v. State*, 235 Ga. 470, 475 (1) (219 SE2d 756) (1975); cf. *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993). OCGA § 24-9-81 provides that the *exclusive* method by which a party may impeach his own witness is by proof of a "previous contradictory statement." The trial court, therefore, did not err by refusing to allow defendant to impeach his own witness, who had not been declared hostile, by proof of convictions of misdemeanors involving moral turpitude.

4. The trial court gave a charge on sexual battery as a lesser included offense to the charge of child molestation. That charge follows:

"[I]f you do not believe beyond a reasonable doubt that the defendant is guilty of the charges against him as contained in the indictment, but do believe beyond a reasonable doubt that the defendant is guilty of sexual battery, then you would be *forced* to convict the defendant of the offense of sexual battery in that particular count." Error is assigned to the emphasized portion of the charge.

(a) Although the State urges that this enumeration of error has been waived, we do not agree. Our Supreme Court recently clarified the available procedures for preserving exceptions to the charge. "[D]efense counsel may [except] to such portions of jury instructions as are perceived at trial to be error and may also reserve the right to raise additional [exceptions] on motion for new trial or on appeal." *McCoy v. State*, 262 Ga. 699, 701 (2) (425 SE2d 646) (1993). Defendant reserved exceptions to the charge in this case.

(b) Without question, jury instructions on consideration of a lesser included offense should be couched in terms of what the jury is *authorized* to do (the wording of the pattern jury instruction) and not in terms of what a jury would be *forced* to do. Although the context here clearly shows that the use of the term "forced" is by way of limitation, precluding a verdict of guilt as to the greater offense, the word "forced" is language of command and so needlessly invites harmful error by appearing to direct a verdict of guilt on the lesser offense. See generally *Isaacs v. State*, 259 Ga. 717 (35) (b) (386 SE2d 316) (1989). However, any error in this instruction on the lesser included offense was rendered harmless by the jury's verdicts finding defendant guilty of the greater offense of child molestation in each alleged instance. See *Rodriguez v. State*, 211 Ga. App. 256 (1) (439 SE2d 510) (1993).

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 24, 1994.

*Robert L. Stultz*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney*, for appellee.

