A93A2282. LEATHERWOOD v. THE STATE.
(441 SE2d 813)

POPE, Chief Judge.

Defendant James Bradford Leatherwood, age 18, appeals his convictions for underage possession of alcohol, reckless conduct, and three counts of misdemeanor assault.

1. Defendant filed a timely written motion to suppress evidence and exclude certain custodial statements. He enumerates as error the alleged failure of the trial court to hold "a full and complete evidentiary hearing" on this motion.

(a) The State contends that the merits of this motion to suppress have already been determined adversely to defendant after a hearing held with respect to an earlier indictment arising out of the same events. In this regard, both defendant and the State have attempted to supplement the record as transmitted to this court by the clerk of the court below by appending attachments to their respective briefs. This procedure is not an authorized method to supplement the record. See OCGA § 5-6-41 (g), (i). "This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record. [Cit.] Moreover, parties cannot supplement the record merely by attaching matters to or reciting matters in their briefs. [Cit.]" *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989).

(b) At the commencement of trial, defendant announced "Ready, . . . subject to our motion." The record demonstrates that the trial court subsequently conducted a *Jackson-Denno* hearing on the voluntariness of defendant's custodial statements. While there is reference in colloquy to a previous ruling on a motion to suppress made under an earlier indictment, the record does *not* reflect that defendant ever insisted upon an evidentiary hearing on *this* motion to

suppress, and that the trial court denied defendant's request. Rather, the record shows only that the trial court adopted the previous ruling of another judge as its own. The tangible items subject to the written motion — vodka and beer discovered in defendant's truck — were admitted over various objections but none going to the lawfulness of the seizure of these items from defendant's vehicle after he fled in his truck from the scene of a search conducted under a warrant. Defendant invoked no ruling on the record by the trial court as to his right to an evidentiary hearing on his motion and proffered no evidence or argument. His silence amounts to acquiescence such that this issue has been waived. *State v. Pattee*, 201 Ga. App. 690, 693 (411 SE2d 751) (1991).

2. Defendant moved to exclude from evidence an incriminating statement he made while in custody, claiming that he had not been properly cautioned of his rights. After a *Jackson-Denno* hearing, the trial court determined that this custodial statement was voluntary and admissible. This evidentiary ruling is enumerated as error.

Defendant did not testify at the voluntariness hearing. After his arrest, defendant was taken first to the hospital and then to the jail. The arresting officer gave defendant *Miranda* warnings while they were in transit but did not question him. Several hours later, when defendant was being booked, he asked the booking officer if he would go to prison, stating that he had almost killed some policemen trying to get away. This officer replied that it was up to the courts, whereupon defendant stated to her that he was sorry and wished that he had not tried to run from the police. Defendant urges that because he was not given a second *Miranda* warning this statement is inadmissible. However, it is axiomatic that *Miranda* warnings are required only in the context of custodial *interrogation. Moon v. State*, 208 Ga. App. 540, 541 (1) (a) (431 SE2d 128) (1993). The testimony adduced below authorized the trial court's conclusion that defendant's "statement 'was spontaneous and not in response to any interrogation or prodding by ([the booking] officer).' [Cits.]" *Hallman v. State*, 263 Ga. 72, 73 (1) (428 SE2d 344) (1993). The determination of the trial court is supported by evidence, is not clearly erroneous, and will not be disturbed on appeal. *Wilson v. State*, 211 Ga. App. 457 (1) (439 SE2d 685) (1993).

3. Defendant enumerates as error three instances where the trial court permitted the State to introduce impeachment testimony. Defendant's objection that a rebuttal witness must testify during the State's case-in-chief or be excluded by operation of OCGA § 17-7-110 is patently without merit. "There is no requirement that the State call more witnesses than it needs to present its case." (Citations and punctuation omitted.) *Fitzgerald v. State*, 193 Ga. App. 76 (3) (386 SE2d 914) (1989). The exclusion of testimony from a witness whose

name has not been provided to the defense by the State pursuant to OCGA § 17-7-110 does not apply to rebuttal witnesses. *Bentley v. State*, 210 Ga. App. 862, 864 (2) (b) (438 SE2d 110) (1993). Defendant's reliance upon *Allison v. State*, 256 Ga. 851, 853 (8) (353 SE2d 805) (1987) is misplaced, for the impeachment evidence here was proper rebuttal of matters testified to and not improperly withheld expert opinion evidence. Objections to impeachment evidence on the basis of hearsay also are without merit. Hearsay is admissible to impeach a witness by showing that a prior contradictory statement has been made. *Gee v. State*, 210 Ga. App. 60, 61 (2) (435 SE2d 275) (1993). We find no error in the trial court's admission of the complained-of evidence under the circumstances presented in this case.

4. Defendant's fourth enumeration of error asserts that the "State's failure to obtain [defendant's] consent prior to the nolle prosequi of the First Indictment after jeopardy had attached to the case violated OCGA § 17-8-3 and thus any retrial on those counts is barred by double jeopardy. This would constitute error."

This enumeration fails "to specify any error alleged to have been committed by the trial court. See OCGA § 5-6-51 (4)." *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718) (1993). Moreover, the entry of nolle prosequi without the consent of the accused to an indictment under which *no jeopardy* had attached would not be a good ground for an arrest of judgment on the basis of double jeopardy as to convictions *already obtained* under a different indictment alleging identical offenses. "In a criminal proceeding the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and filed a plea. [Cits.] Where several indictments for the same offense are pending against the same person, it is immaterial upon which he is first tried. Whenever he has been acquitted or convicted upon any one of them, he can plead such acquittal or conviction in bar of a [subsequent] prosecution of any of the others." *Irwin v. State*, 117 Ga. 706 (45 SE 48) (1903). The procedural double jeopardy protection of OCGA § 16-1-7 (b) does not authorize a reversal of any of defendant's convictions. *Geckles v. State*, 177 Ga. App. 70, 71 (1) (a) (338 SE2d 473) (1985). Accord *Teal v. State*, 203 Ga. App. 440, 442 (2) (417 SE2d 666) (1992). Compare *Rhyne v. State*, 209 Ga. App. 548 (3) (434 SE2d 76) (1993) (accused may not be charged with additional crimes via second indictment after jury is unable to reach a verdict with respect to the original charge).

5. Over defense objections as to foundation, chain of custody, and proof of ownership, the trial court admitted into evidence the two twelve-packs of beer and the bottle of vodka taken from defendant's truck after his arrest. This evidentiary ruling is enumerated as error. However, the grounds urged below have not been enumerated or ar-

gued on appeal and are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). The ground urged on appeal, namely the alleged procedural error in failing to accord defendant an evidentiary hearing on his written motion to suppress, is not the same as that urged below and may not be considered for the first time on appeal as a basis for excluding the items seized from defendant's truck. *White v. State*, 203 Ga. App. 889, 890 (1) (418 SE2d 149) (1992). This enumeration presents nothing for review.

6. An exception to a jury instruction on underage possession of alcohol in violation of OCGA § 3-3-23 has been considered and found to be without merit.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994.

*Allman & Peters, James P. Peters*, for appellant.

*George C. Turner, Jr., District Attorney, James E. Barker, Jeff L. Ballew, Assistant District Attorneys*, for appellee.