## A94A1575. ELLERBEE v. THE STATE.
(449 SE2d 874)

McMURRAY, Presiding Judge.

Defendant was charged via accusation with two alternative counts of driving while under the influence of alcohol. The evidence presented at a jury trial showed that Officer Jamie S. Brown of the Georgia State Patrol stopped defendant near Tenth Street and Piedmont in Atlanta, Georgia, for operating a motor vehicle at a speed "above the posted speed limit." "[I]mmediately when [Officer Brown]

made eye contact with the driver there was no question . . . that he had been drinking[; . . . and] that he was extremely intoxicated." During the administration of field sobriety tests, defendant looked at Officer Brown "and said, I've just had too much to drink, I guess." Defendant "couldn't keep his balance . . . and almost fell down. . . ." Officer Brown had "no doubt that [defendant] was a less safe driver. . . ." Defendant was formally placed under arrest and read his implied consent warnings. Breath analysis showed his blood-alcohol level to be: "Point one eight grams."

The jury found him "guilty on both charges," and he appeals from the judgment of conviction entered by the trial court on the jury's verdicts. *Held*:

1. The two separate verdicts for violating OCGA § 40-6-391 (a) (1) (less safe driver) (Count 1) and OCGA § 40-6-391 (a) (4) (blood-alcohol level of .10 grams percent or greater) (Count 2) are based on the same conduct and were combined by the trial court at sentencing into a single sentence. In *Morgan v. State*, 212 Ga. App. 394 (1), 395 (442 SE2d 257), this court held "it is . . . well settled that OCGA § 40-6-391 (a) establishes a single crime of driving while in a prohibited condition and that subsections (a) (1) and (a) (4) merely define different modes of committing that one crime." We treat this as a conviction based on conduct violating OCGA § 40-6-391 (a) (4), as driving with a prohibited blood-alcohol level poses the more serious risk of injury to property or the public. See *Lester v. State*, 253 Ga. 235, 238 (3), n. 5 (320 SE2d 142). Compare *Fudge v. State*, 184 Ga. App. 590, 592 (6) (362 SE2d 147) (physical precedent only) and *Page v. State*, 202 Ga. App. 828, 830 (4) (415 SE2d 487). The evidence that defendant drove an automobile while his blood-alcohol level was in excess of the legal limit was sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, as alleged in the accusation in Count 2. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Morgan v. State*, 212 Ga. App. 394, 397 (3), supra. Defendant's eleventh enumeration is without merit.

2. Defendant's tenth enumeration contends the trial court erred in admitting into evidence a photocopy of the results of the State-administered intoximeter test showing defendant's blood-alcohol level to be .18 grams percent, over his objection that the State failed to account adequately for the original as required by OCGA § 24-5-25. This objection is without merit. "[C]opies of duplicate originals are admissible under Code Ann. § 38-710 [now OCGA § 24-5-26], without accounting for the original." *Strickland v. Foundation Life Ins. Co.*, 129 Ga. App. 614, 616 (2), 617 (200 SE2d 306).

3. In his sixth enumeration, defendant contends the trial court erred in failing to quash the uniform traffic citation for being improperly drawn. In this regard, defendant argues that a uniform traffic ci-

tation cannot be amended, relying on *State v. Rustin*, 208 Ga. App. 431, 432 (2), 434-435 (430 SE2d 765). However, after defendant's arrest, the solicitor preferred a two-count accusation against defendant, specifying alternative methods by which he allegedly violated OCGA § 40-6-391 (a).

"[I]t is not true that a prosecution must proceed upon the uniform traffic citation form that has initially been issued [or] that the prosecuting attorney has no authority to file a subsequent formal accusation. '(T)he (S)tate is not prohibited from issuing a subsequent accusation. . . .' *Cargile v. State*, 244 Ga. 871, 874 (2) (262 SE2d 87) (1979)." *State v. Doyal*, 184 Ga. App. 126, 127 (361 SE2d 17). The subsequent issuance of a formal accusation did not amend the uniform traffic citation, as contended by defendant. Rather, such accusation superseded any uniform traffic citation as the charging instrument.

4. The trial court erred in refusing to give defendant's written request to charge the law on circumstantial evidence. " 'Virtually every case contains some circumstantial evidence and, if the charge is not given, stands in danger of being reversed. . . . The charge is a fundamental principle of law as to criminal guilt and there is no reason not to give it; the (s)tate is not harmed by it and has no right to have it omitted.' [Cit.]" *Mims v. State*, 264 Ga. 271, 272, n. 2 (443 SE2d 845). Nevertheless, in the case sub judice, that error is rendered harmless by the overwhelming direct evidence that defendant drove while his blood-alcohol level was .18 grams percent, in violation of OCGA § 40-6-391 (a) (4). This "evidence and all reasonable deductions therefrom were completely inconsistent with a reasonable hypothesis of innocence. To reverse [this conviction] would be a perversion of justice. [Cits.]" *Johnson v. State*, 210 Ga. App. 99, 100 (1), 101 (435 SE2d 458). Defendant's first enumeration is without merit.

5. In his second enumeration, defendant argues that the trial court's charge was burden-shifting.

The trial court informed the attorneys that it intended to charge the substance of OCGA § 40-6-392 (b) as to the conclusions which may be drawn according to various blood-alcohol levels. At defendant's behest, the trial court agreed to alter the language of this Code section to instruct the jury in terms of inferences rather than presumptions. In the charge, the trial court stated: "If there was at that time an alcohol concentration of point zero eight grams or more, it *shall* be inferred that that person was under the influence of alcohol as prohibited by the statute." (Emphasis supplied.) Error is assigned to the emphasized portion of this charge.

"A permissive device is valid if it is rational. *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981). A *mandatory* inference or presumption concerning an element of the offense is invalid, and this is

so whether it is mandatory-conclusive or mandatory-rebuttable. *Sandstrom v. Montana*, [442 U. S. 510 (99 SC 2450, 61 LE2d 39)]." (Emphasis in original.) *Isaacs v. State*, 259 Ga. 717, 734 (35b), 735 (386 SE2d 316).

In the case sub judice, the trial court's mandatory instruction that the influence of alcohol "shall be inferred" (rather than the permissive "may infer" as requested by defendant) is impermissibly burden-shifting, for it "is just as mandatory as an instruction that 'the law presumes fact x from fact y.' In either event, the jury is told that a finding of fact . . . legally follows from proof of [another] fact. . . ." (Emphasis omitted.) *Isaacs v. State*, 259 Ga. 717, 734 (35b), 735, supra. Compare *Gilbert v. State*, 262 Ga. 840, 841 (4) (426 SE2d 155). Moreover, it is the better practice to "include language reaffirming that it is within the jury's discretion whether or not it will draw such an inference. . . ." *Thompson v. State*, 257 Ga. 481, 483 (6) (361 SE2d 154). Nevertheless, "[t]his error does not require reversal of the conviction under Count 2 (violation of OCGA § 40-6-391 (a) (4)), since the erroneous burden-shifting charge is not relevant to the determination of any of the elements of the crime [as] established in OCGA § 40-6-391 (a) (4). See *Lester v. State*, 253 Ga. 235, 237 (2)[, supra]; *Peters v. State*, 175 Ga. App. 463, 469 (a) [(333 SE2d 436), overruled on other grounds, *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770)]." *Simon v. State*, 182 Ga. App. 210, 212 (4) (355 SE2d 120). See also *Paradise v. State*, 212 Ga. App. 166, 169 (4), 170 (4b) (441 SE2d 497).

6. In his third enumeration, defendant contends the trial court erred in refusing to give his written request to charge on the weight to be given the results of defendant's breath test. The request contained the following language: "No procedure is infallible. Even where a procedure in general is based upon sound scientific theory, it may have some margin for error and give an erroneous result under certain circumstances." The trial court determined the request was more properly the subject of closing "[a]rgument[.]" Defendant argues that his request "is taken virtually verbatim from the language of the Georgia Supreme Court's decision in *Lattarulo v. State*, 261 Ga. 124 [(401 SE2d 516)] (1991), and constitutes a correct statement of the law adjusted to the facts of this case."

"Though this language was taken from a decision by [the Georgia Supreme Court], the court properly refused to give it. It is not always proper for the court to charge the jury in language used in one of the decisions of the [appellate] court. Sometimes the language is argumentative, and sometimes it merely expresses the opinion of the judge delivering the opinion, where it is not precisely upon an issue presented in the record." *Chedel v. Mooney*, 158 Ga. 297, 300 (11) (123 SE 300). In the case sub judice, the trial court did not err in

refusing to give this argumentative request.

7. The failure to charge on the presumption on non-impairment contained at OCGA § 40-6-392 (b) (1) was not harmful error as that provision by its terms applies only to the conduct "prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40-6-391." In the case sub judice, defendant's conviction is for violating OCGA § 40-6-391 (a) (4). Defendant's fourth enumeration is without merit.

8. In related enumerations, defendant contends the trial court erred in failing to suppress evidence "obtained as a result of an illegal arrest . . ." and in failing to suppress a custodial statement made without the benefit of *Miranda* warnings.

In the case sub judice, Officer Brown had probable cause to believe that defendant was committing the moving violation of speeding in the officer's presence. This was sufficient to authorize a warrantless stop of defendant's vehicle. *State v. Webb*, 193 Ga. App. 2, 3 (1), 4 (386 SE2d 891). Compare *Clark v. State*, 208 Ga. App. 896, 897 (1) (432 SE2d 220) (physical precedent only). After seeing defendant's apparent state of intoxication, Officer Brown was authorized to investigate further and ultimately was authorized to administer an alcohol breath test. *State v. Johnston*, 249 Ga. 413, 414 (1), n. 1 (291 SE2d 543). Consequently, there was no error in denying defendant's motion to suppress on the ground that his arrest was illegal. Defendant further complains of the admission into evidence of Officer Brown's testimony relating defendant's statement: "I've had too much to drink." However, the "testimony adduced below authorized the trial court's conclusion that defendant's 'statement "was spontaneous and not in response to any interrogation or prodding by ((the [arresting]) officer)." (Cits.)' *Hallman v. State*, 263 Ga. 72, 73 (1) (428 SE2d 344) (1993). The determination of the trial court is supported by evidence, is not clearly erroneous, and will not be disturbed on appeal. *Wilson v. State*, 211 Ga. App. 457 (1) (439 SE2d 685) (1993)." *Leatherwood v. State*, 212 Ga. App. 342, 343 (2) (441 SE2d 813). Defendant's seventh and eighth enumerations are without merit.

9. Defendant's fifth enumeration contends the trial court erred in overruling his challenge to the prosecutor's use of peremptory challenges under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69).

Defendant, who is white, objected after the State's attorney used both of her peremptory challenges to strike white venire, "which resulted in a jury of only one white person on it. . . ." In response, the State's attorney explained that she excused one vireman because he was "unemployed [and] might be a little prejudice[d] against the State." The second strike was used against a white female realtor. According to the State's attorney, she struck this potential juror because

Officer Brown told her that "[t]hey arrest a lot of realtors because they are carrying their clients out and it was at his instance that I struck her. He says that a lot of people that he arrests are real estate people, and they drink often out with their clients and he thought she would not be a good juror for the State."

" 'The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race, [cit.], or on the false assumption that members of his race as a group are not qualified to serve as jurors, [cits.].' Although a defendant has no right to a 'petit jury composed in whole or in part of persons of (the defendant's) own race,' [cit.], he or she does have the right to be tried by a jury whose members are selected by nondiscriminatory criteria." *Powers v. Ohio*, 499 U. S. 400, 404 (111 SC 1364, 113 LE2d 411). In the case sub judice, since the State's attorney placed her reasons on the record we pretermit whether a prima facie showing of racial discrimination is demonstrated where a prosecutor uses both, that is to say all, peremptory challenges against white venire. "In order to overcome an inference of discrimination in the use of peremptory strikes, the prosecution must offer concrete, tangible, race-neutral and neutrally applied reasons for its strikes. *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992)." *Smiley v. State*, 263 Ga. 716 (1) (438 SE2d 75). "Although the trial court did not make specific findings [that the stated reasons rebutted any prima facie case], such a finding is implicit in overruling a *Batson* objection. *Stevens v. Ivey*, 212 Ga. App. 407, 409 (442 SE2d 248)." *Teasley v. State*, 214 Ga. App. 646 (1) (448 SE2d 904) (physical precedent).

In the case sub judice, the explanation that the State's attorney exercised her first peremptory challenge against an unemployed venireman was "concrete, tangible and race neutral. *Davis v. State*, [263 Ga. 5, 7 (10) (426 SE2d 844)]." *Thomas v. State*, 208 Ga. App. 367 (1), 369 (430 SE2d 768). See also *McCormick v. State*, 184 Ga. App. 687 (362 SE2d 472). The explanation given for the State's second strike, i.e., that the officer did not think realtors would make good jurors for a DUI prosecution because "most realtors drink[,]" may strike some as "fanciful." See, e.g., *Ford v. State*, 262 Ga. 558, 559 (3), 560, supra. Moreover, "the State does not fulfill its burden to provide racially-neutral reasons by stating that its peremptory challenges were exercised in deference to the wishes of an individual concerned about the case." *Lewis v. State*, 262 Ga. 679 (2), 681 (424 SE2d 626). Nevertheless, a peremptory strike will not be found to be impermissible simply because it was exercised from "mistake, or from ignorance, or from idiosyncrasy." *Gamble v. State*, 257 Ga. 325 (2), 326 (357 SE2d 792). In the case sub judice, although the officer's concern over the white female realtor "may have been the result of [his] 'mistake,' 'ignorance,' or 'idiosyncrasy,' it was certainly racially-neu-

tral." *Lewis v. State*, 264 Ga. 101, 103 (440 SE2d 664). There is no contention that this reason for exercising a peremptory challenge is subject to additional scrutiny as an impermissible "stereotypical [attitude]" or a pretext. Compare *Tharpe v. State*, 262 Ga. 110, 111 (6), 112 (416 SE2d 78). Considering the non-racial reason explanation for the other strike, we hold that, notwithstanding the relatively weak explanation for striking the white female realtor, the trial court did not err in overruling defendant's *Batson* challenge. *Lewis v. State*, 264 Ga. 101, 103, supra.

*Judgment affirmed as to Count 2; judgment vacated as to Count 1. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 20, 1994 —
RECONSIDERATION DENIED NOVEMBER 2, 1994 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III,* for appellant.
*Louise T. Hornsby, Solicitor,* for appellee.