## A00A1763. HAMMETT v. THE STATE.
(539 SE2d 193)

MILLER, Judge.

Phillip Hammett was tried before a jury and, notwithstanding his acquittal on related charges, was found guilty of theft by taking a Snapper riding lawnmower, the property of Jerrideen Arrington, with a value greater than $500. In a custodial statement, Hammett admitted taking the mower one night from the Arrington residence, cranking and riding it down the road and hiding it in some bushes, and the next day trading it for $300 worth of crack cocaine. In five enumerations,[1] Hammett challenges the admission of his custodial statement, the testimony of unlisted witnesses, and the admission of "abundant hearsay." Finding no harmful error, we affirm.

1. Hammett first contends the trial court erred in admitting his custodial statement into evidence because it was impermissibly obtained through the hope of benefit.[2]

Hammett acknowledged he had signed a waiver of rights form that cautioned him of his rights and recited that he had "not been promised anything [nor] forced in any way to answer questions or make any statements." He nevertheless testified at the *Jackson-Denno* hearing that Lt. Nixon of the Troup County Sheriff's Office told him that if he would just come clean and let the officers know where the lawnmower was, they would just go and get it, return it to

---

[1] The attention of appellate counsel is drawn to Court of Appeals Rule 27 (a) (1) (preservation of error; citations to the record by volume and page number) and (a) (3) (concise statement of the applicable standard of review). *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718) (1993).

[2] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. But "[t]he fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it." OCGA § 24-3-51.

the owner, and "there wouldn't be nothing said about it." Specifically, Hammett claimed he was informed that the police "wouldn't press charges if [Hammett] told them where the lawnmower was."

In opposition, Lt. Nixon and Lt. Grizzard each testified that no threats, promises, or rewards were made to Hammett to induce him to sign the waiver and speak with investigators. Lt. Nixon denied telling Hammett that he could just take the mower back and no charges would be filed. Nor did the officer tell Hammett his probation would be terminated. Rather, Lt. Nixon told Hammett that the officers would speak with the district attorney but they could not promise Hammett anything.

The trial court found the officers "far more credible on the issues involved" and concluded that Hammett knowingly waived his rights such that his custodial statement was voluntary and admissible. The burden is on the prosecution to show the voluntariness of a custodial statement by a preponderance of the evidence.[3] Factual and credibility determinations of this sort made after a *Jackson-Denno* voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous.[4] Since the trial court's determination here is supported by evidence (even though contradicted), it is not clearly erroneous and is therefore affirmed.[5]

2. Over defendant's objection, the trial court permitted the State to supplement its witness list to add Eric Reisinger from LaGrange Farmers Supply to testify to the value of Snapper riding lawnmowers. As justification for calling someone not on the original witness list, the State's Attorney stated in her place that the 72-year-old victim, Arrington, "has since died," and so the State needed to put up some other evidence of value. In allowing this witness, the trial court expressly granted the defense additional time, both to interview the witness before he testified and to call additional defense witnesses, if requested.

At trial, Reisinger, the owner of LaGrange Farmers Supply store, testified he had six years experience selling Snapper riding lawnmowers and was familiar with the prices charged and the values of various models of Snapper lawnmowers. In his experience, a 14 horsepower Snapper riding lawnmower retailed in 1998 for $2,199 plus sales tax. The same model three or four years old, in operating condition, would have a value of "seven hundred to a thousand or twelve hundred dollars[, depending] on what the market will bear and the condition of the unit. . . ."

On appeal, Hammett objects that he had only an hour's notice

---

[3] *Wilson v. State*, 211 Ga. App. 457 (1) (439 SE2d 685) (1993).
[4] *High v. State*, 233 Ga. 153, 154 (1) (210 SE2d 673) (1974).
[5] *Tucker v. State*, 231 Ga. App. 210, 213 (1) (a) (498 SE2d 774) (1998).

that the State would call a "'Snapper' expert" regarding value. Although a list of witnesses (not including Reisinger) is included in the record, we find no filing whereby Hammett gave written notice that he elected to have the discovery provisions of OCGA § 17-16-1 et seq. apply to his case. Consequently, OCGA § 17-16-3 does not apply of its own force to oblige the State to furnish a list of witnesses on its own initiative.[6] Nor is there any written demand for a list of witnesses. In order to invoke the rights protected by Art. I, Sec. I, Par. XIV of the 1983 Georgia Constitution, there must first be a timely, written demand.[7] As the record here contains none, the trial court did not err in permitting the unlisted witness to testify over objection.[8]

3. Hammett reserved his exceptions to the charge[9] and enumerates the instruction as to Count 1 that the State must prove, "in addition to the theft by taking, that the property taken had a value of greater than five hundred dollars." "The way Defendant reads O.C.G.A. § 16-8-2, value is not an element of the offense [but] is only mentioned under the 'punishment' section. . . ."

Here, the indictment alleged that the Snapper riding lawnmower had a value greater than $500.

No averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. If evidence can be offered in support of the allegation, the allegation cannot be rejected as surplusage.[10]

[6] See, e.g., *Miller v. State*, 235 Ga. App. 724, 725 (510 SE2d 560) (1998) (absent written notice required by OCGA § 17-16-2 (a), provisions of OCGA § 17-16-4 (a) do not apply). Accord *Wright v. State*, 226 Ga. App. 848, 850 (4) (487 SE2d 405) (1997).

[7] *Sutton v. State*, 237 Ga. 423, 424 (1) (228 SE2d 820) (1976); *Page v. State*, 237 Ga. 20 (1) (227 SE2d 8) (1976) (before the constitutional provision becomes operative, defendant must make a demand before arraignment on the district attorney). Accord *Prather v. State*, 223 Ga. 721, 722 (1) (157 SE2d 734) (1967) (absent such demand nothing is required).

[8] *Jackson v. State*, 235 Ga. 857, 858 (1) (221 SE2d 605) (1976).

[9] The general rule in Georgia is that criminal defendants are not required to except to the jury charge in order to preserve error for appeal under what is now OCGA § 5-5-24 (a). If, however, the trial court makes direct inquiry about exceptions to the charge, defense counsel must state his exceptions or reserve the right to except on motion for new trial or on appeal. Or counsel may state any immediate objections while reserving the right to raise additional exceptions on motion for new trial or on appeal. *Lewis v. State*, 215 Ga. App. 161, 164 (4) (450 SE2d 448) (1994). Accord *Paradise v. State*, 212 Ga. App. 166, 170 (4) (a) (441 SE2d 497) (1994). But in neither instance is the consent of the presiding judge necessary to reserve exceptions.

[10] (Punctuation omitted.) *McBride v. State*, 199 Ga. App. 527, 528-529 (1) (405 SE2d 345) (1991), citing *Henderson v. State*, 113 Ga. 1148, 1149 (39 SE 446) (1901).

Defendant is correct that "value" as such is not an element of the Code section proscribing theft by taking.[11] Nevertheless, the evidence of theft must show the property taken had some value or a conviction cannot be sustained.[12] Generally, OCGA § 16-8-12 punishes all thefts as misdemeanors unless certain aggravating circumstances are shown. One such aggravating circumstance is that the stolen property "exceeded $500.00 in value."[13] Consequently, the value of the property can be a relevant issue in any theft case in the same manner as a substantive element.[14] The trial court did not err in charging the jury that, in order to convict, they must first find the value of the stolen lawnmower to exceed $500, as alleged in the indictment.

4. Next Hammett objects to Reisinger's valuation testimony on the ground that this witness was never tendered as an expert. The record does not support this contention.

> Tender may be formal in oral announcement before the trial judge or before the jury. Tender may be implied after the foundation for qualification has been laid and counsel has asked if the examination of the witness may proceed and is instructed by the trial court to proceed. If, after qualifying the witness as an expert but without formal tender, counsel proceeds to ask for expert opinion evidence, . . . the trial court has tacitly or impliedly accepted the witness as an expert.[15]

After the State's Attorney laid a foundation for Reisinger to testify as an expert based upon his experience, she stopped her examination and asked defense counsel whether he had any questions. The trial court interposed and permitted the State to proceed, whereupon the State elicited Reisinger's opinion that a used lawnmower of similar make and model as Arrington's would be valued at between $700 and $1,200. At the conclusion of direct examination, the defense proceeded with cross-examination without further challenging Reisinger's qualifications or otherwise objecting to the absence of a formal tender of the witness as an expert.

In our view, the trial court tacitly but necessarily accepted Reisinger as an expert without formal tender by directing the State to proceed after the State's Attorney made the overt act of soliciting voir dire by the defense once she established a foundation. Consequently,

---

[11] OCGA § 16-8-2; *Bryan v. State*, 148 Ga. App. 428, 429 (2) (251 SE2d 338) (1978).

[12] Id.

[13] OCGA § 16-8-12 (a) (1).

[14] *Bryan v. State*, supra, 148 Ga. App. at 429 (2).

[15] (Citation and footnotes omitted.) *In the Interest of C. W. D.*, 232 Ga. App. 200, 207 (3) (b) (501 SE2d 232) (1998).

the fourth enumeration is without merit.

5. Under the so-called "necessity" exception,[16] the trial court allowed the hearsay statement of the victim that she valued the Snapper lawnmower at "twenty-one hundred dollars . . ." to be related by the investigating officer. This evidentiary ruling is enumerated as error. Hammett contends the trial court erred in using hearsay to establish a foundation for necessity, by permitting the State's Attorney to state in her place that the victim was deceased. He also argues that there are no indicia of reliability.

Pretermitting whether the State's showing is inadequate under the test for the "necessity" exception enunciated in *Chapel v. State*,[17] we conclude any error in admitting the hearsay statement of the victim that she placed a $2,100 value on the Snapper riding lawnmower is clearly harmless. This single item of proof is, in our view, entirely cumulative of Reisinger's competent testimony that a 1998 Snapper riding lawnmower would retail for $2,199 and that an operable used mower would be valued at $700. The admission of competent evidence on this point renders the erroneous admission of hearsay harmless.[18]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATION DISMISSED OCTOBER 6, 2000.

*William L. Jones*, for appellant.

*Peter J. Skandalakis, District Attorney, Lynda S. Engel, Assistant District Attorney*, for appellee.

---

[16] "Hearsay evidence is admitted only in specified cases from necessity." OCGA § 24-3-1 (b).

[17] 270 Ga. 151, 155 (4) (510 SE2d 802) (1998).

[18] *Scott v. State*, 243 Ga. App. 383, 386 (2) (532 SE2d 141) (2000), citing *Assad v. State*, 195 Ga. App. 692, 693 (2) (394 SE2d 617) (1990).