# Court of Appeals
# of the State of Georgia

ATLANTA,  September 13, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0075. BOBBY PARADISE v. THE STATE.**

In 1993, a jury convicted Bobby Paradise of four counts each of aggravated child molestation, aggravated sodomy, and child molestation. The trial court sentenced Paradise to consecutive sentences of life and 40 years, with the final 20 years to be served on probation. We affirmed his convictions on direct appeal. *Paradise v. State*, 212 Ga. App. 166 (441 SE2d 497) (1994). Since then, Paradise has filed several motions seeking to vacate his convictions and sentence. See, e.g., *Paradise v. State*, 321 Ga. App. 371 (740 SE2d 238) (2013). Most recently, in June 2022, Paradise filed a pro se extraordinary motion for new trial. The trial court dismissed the motion, concluding that Paradise's claims are barred by the law of the case, and Paradise filed this appeal. We, however, lack jurisdiction.

Pretermitting whether Paradise's claims are barred by the law of the case, the trial court's order is not subject to direct appeal. An appeal from an order denying or dismissing an extraordinary motion for a new trial must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Davis v. State*, 182 Ga. App. 736, 736-737 (356 SE2d 762) (1987). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Paradise's failure to follow the discretionary appeals procedure

deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED. See *Davis*, 182 Ga. App. at 736-737.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*  09/13/2022

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*